| | | |
|---|---|---|
| Debtor 1 | **David Micheal Tillis** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **LaRae Jene Tillis** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF OHIO** | |
| Case number: | **22-10155** | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan     (Dated 2-16-22)                                                   12/17

## Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$2034.36** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

| Debtor | David Micheal Tillis LaRae Jene Tillis | Case number | 22-10155 |
|---|---|---|---|

**2.3 Income tax refunds.**
*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**Pursuant to the terms of the Confirmation Order**

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>122,061.60</u>.

## Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| BIFI Loan Servicing | 15408 Glenwood Avenue Maple Heights, OH | $825.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | Prepetition:<br>$6,105.00 | 0.00% | $101.75 | $55,605.00 |

*Insert additional claims as needed.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

| Debtor | **David Micheal Tillis** | Case number | **22-10155** |
|---|---|---|---|
| | **LaRae Jene Tillis** | | |

**3.5  Surrender of collateral.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Exeter Finance** | **2016 Volkswagon Tiquan 66,000 miles** |

*Insert additional claims as needed.*

---

### Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **5.20**% of plan payments; and during the plan term, they are estimated to total $**6,347.40**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,200.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$18,716.00**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

### Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $  **39,193.20**  .
☑   **10.00**  % of the total amount of these claims, an estimated payment of $  **39,193.20**  .
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $____.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor | David Micheal Tillis<br>LaRae Jene Tillis | Case number | 22-10155 |
|---|---|---|---|

**5.2** Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** Other separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X **/s/ Mark H. Knevel**      Date **February 16, 2022**
**Mark H. Knevel 0029285**
Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

| Debtor | **David Micheal Tillis** | Case number | **22-10155** |
|---|---|---|---|
| | **LaRae Jene Tillis** | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$55,605.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$27,263.40** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$39,193.20** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*  + | **$0.00** |
| | **Total of lines a through j** | **$122,061.60** |

# CERTIFICATE OF SERVICE

Debtors, by and through counsel, hereby certify a copy of the foregoing Chapter 13 Plan was served upon the following, by CM / ECF Noticing System or ordinary US Mail, as indicated, on this the 17th day of February, 2022 :

**Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:**

    **United States Trustee for Region 9**
        **Cleveland Off ice of the United States Trustee**, on behalf of Andrew Vara, United States Trustee for Region 9.

    **Chapter 13 Trustee**
        **Lauren Helbling** at ch13helbling@ch13cleve.com

**By Ordinary US Mail**

    **Debtors**
        **David Micheal Tillis**
        **LaRae Jene Tillis**
        15408 Glenwood Avenue
        Maple Heights, OH 44137

    **Creditors**
        **All Scheduled Creditors**
        (See attach mailing matrix)

                                                */s/ Mark H. Knevel*
                                                _____
                                                **KNEVEL LAW CO. LPA**
                                                Mark H. Knevel, (0029285)
                                                Attorneys for Debtors

```
Label Matrix for local noticing            Ally Bank, c/o AIS Portfolio Services, LP   Exeter Finance LLC, c/o AIS Portfolio Servic
0647-1                                     4515 N Santa Fe Ave. Dept. APS              4515 N Santa Fe Ave. Dept. APS
Case 22-10155-jps                          Oklahoma City, OK 73118-7901                Oklahoma City, OK 73118-7901
Northern District of Ohio
Cleveland
Wed Feb 16 12:14:32 EST 2022

Howard M. Metzenbaum U.S. Courthouse       Ahuja Medical Center                        Ahuja Medical Center
United States Bankruptcy Court             P.O. Box 93983                              c/o First Credit
Howard M. Metzenbaum U.S. Courthouse       Cleveland, OH 44101-5983                    3250 W Market Street
201 Superior Avenue                                                                    Fairlawn, OH 44333-3336
Cleveland, OH 44114-1235

BIFI Loan Servicing                        Capital One                                 Cleveland Eye Clinic
490 Schooleys Mountain Road Suite 7        PO Box 85064                                Po Box 14000
Hackettstown, NJ 07840-4002                Glen Allen, VA 23058                        Belfast, ME 04915-4033


Exeter Finance                             Finwise Rise                                (p)FIRST FEDERAL CREDIT CONTROL  INC
c/o Jason Grubb, President                 Attention Bankruptcy                        24700 CHAGRIN BLVD
2250 W John Carpenter Fwy                  Po Box 679900                               SUITE 205
Irving, TX 75063-2765                      Dallas, TX 75267-9904                       BEACHWOOD OH 44122-5662


NCP Finance                                Navient Solutions, LLC on behalf of         Ohio Department of Taxation*
205 Sugar Camp Circle                      Ascendium Education Solutions, Inc.         Attn: Bankruptcy Division
Dept CSM                                   PO Box 8961                                 PO Box 530
Dayton, OH 45409-1970                      Madison, WI 53708-8961                      Columbus, OH 43216-0530


Ohio Department of Taxation**              Ohio's First Class Credit Union             Regional Acceptance Corp
c/o Attorney General of Ohio               Attn: Bankruptcy                            Attn: Bankruptcy
Collection Enforcement / Bankruptcy        Po Box 5877                                 Po Box 1847
150 E. Gay Street, 21st Floor              Cleveland, OH 44101-0877                    Wilson, NC 27894-1847
Columbus, OH 43215-3191


(p)REGIONAL INCOME TAX AGENCY              Regional Income Tax Agency                  Regional Income Tax Agency
PO BOX 470537                              c/o Arrighi, Amy                            c/o City Of Maple Hts
ATTENTION LEGAL DEPARTMENT                 Po Box 470537                               5353 Lee Road
BROADVIEW HEIGHTS OH 44147-0537            Broadview Heights, OH 44147-0537            Maple Heights, OH 44137-2531


Retina Associates of Cleveland             Richmond Medical Center                     St Vincent Charity Hospital
3401 Enterprise Pkwy #300                  Po Box 781988                               Po Box 951206
Beachwood, OH 44122-7340                   Detroit, MI 48278-1988                      Cleveland, OH 44193-0011



Stonecrest Mortgage                        UHLSF                                       US Department of Education - Navien
c/o NLC Servicing                          Po Box 772151                               Direct Loan Servicing Center
4300 Stevens Creek Blvd UNIT 275           Detroit, MI 48277-2151                      PO Box 5609
San Jose, CA 95129-1265                                                                Greenville, TX 75403-5609


US Department of Education /Navient        US Department of Education /Navient         US Department of Education /Navient
Attorney General of the United Stat        Office of the United States Attorne         PO Box 9655
Main Justice Building                      Carl B. Stokes United States Court          Wilkes Barre, PA 18773-9655
10th & Constitution Avenue, N.W.           801 West Superior Avenue, Suite 400
Washington, DC 20530-0001                  Cleveland, OH 44113-1852
```

| University Hospital | University Hospital | University Hospital |
|---|---|---|
| P.O. Box 77058 | c/o First Federal Credit Control | c/o United Collection Bureau Inc |
| Cleveland, OH 44194-7058 | 24700 Chagrin Blvd Suite 205 | 5620 Southwyck Blvd Suite 206 |
| | Beachwood, OH 44122-5662 | Toledo, OH 43614-1501 |

| University Hospital Medical Group | University Hospital Medical Group | David Micheal Tillis |
|---|---|---|
| P.O. Box 772042 | c/o First Credit | 15408 Glenwood Avenue |
| Detroit, MI 48277-2042 | 3250 W Market Street | Maple Heights, OH 44137-3704 |
| | Fairlawn, OH 44333-3336 | |

| LaRae Jene Tillis | Lauren A. Helbling | Mark H. Knevel |
|---|---|---|
| 15408 Glenwood Avenue | 200 Public Square Suite 3860 | Knevel Law Co. LPA |
| Maple Heights, OH 44137-3704 | Cleveland, OH 44114-2322 | Kennard Professional Bldg. |
| | | 5250 Transportation Blvd #201 |
| | | Garfield Heights, OH 44125-5326 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| First Federal Credit Control | Regional Income Tax Agency | End of Label Matrix | |
|---|---|---|---|
| 24700 Chagrin Blvd Suite 205 | P.O. Box 94951 | Mailable recipients | 38 |
| BEACHWOOD, OH 44122-4412 | Cleveland, OH 44101-4951 | Bypassed recipients | 0 |
| | | Total | 38 |